UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-721-H

MARK A. PARRISH, as Administrator of
the ESTATE OF KAYTRYN PARRISH                                           PLAINTIFF

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") has moved to bifurcate and stay discovery with respect to Plaintiff's bad faith claims until the underlying contract claim for underinsured motorist ("UIM") benefits is resolved.

This case arises from an automobile collision between State Farm's insured, Kaytryn Parrish ("Parrish"), and Mary Roberson ("Roberson"), which resulted in Parrish's death. After Roberson's liability insurer paid policy limits of $250,000, Parrish's estate ("Plaintiff") submitted a claim for UIM benefits under Parrish's State Farm policy. When State Farm denied the claim, Plaintiff filed this breach of contract and bad faith action.

In a diversity action, the Court applies substantive Kentucky law. *Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003). As a general rule, Kentucky law holds that first-party UIM claims and bad faith claims should be tried separately. *Motorist Mutual Ins. Co. v. Glass*, 996 S.W.2d 437, 450 (Ky. 1999) ("If there had been a valid UIM claim in this case . . . [t]he trial should have been bifurcated with the negligence (UIM) claim tried first, followed by the bad faith claim." (citing *Wittmer v. Jones*, 864 S.W.2d 885, 891 (Ky. 1993))); *see also Durbin v. State Farm Automobile Ins. Co.*, CIV.A. 3:00CV-384-S, 2001 WL 1793734, at *1 (W.D. Ky.

Mar. 22, 2001). The reasons for this are twofold. First, the evidence admissible in the bad faith action could be unnecessary and unfairly prejudicial to an insurer in the underlying contract action determining liability. *See Wittmer*, 864 S.W.2d at 891; *Von Wiegen v. Shelter Mut. Ins. Co.,* CIV.A. 5:13-40-DCR, 2013 WL 3771540, at *3 (E.D. Ky. July 17, 2013) (bifurcation serves "convenience, efficiency, and economy" where plaintiff's bad faith claim includes conduct beyond the underlying claim).

Certainly, Plaintiff's bad faith claims require evidence unnecessary to her contract claim. For example, to show State Farm acted unreasonably, and thus satisfy the second element of her bad faith claim, Plaintiff would need to introduce evidence of the relevant liability limits, motorist Roberson's $250,000 liability limit and State Farm's $100,000 UIM liability limit. This evidence would inform the jury that, if they awarded Plaintiff $250,000 or less, she would be entitled to none of the UIM coverage, while if they jury awarded $350,000 or more, Plaintiff would be entitled to full UIM coverage.

Secondly, the need for adjudication of Plaintiff's bad faith claims depends upon the outcome of the contract action. *Smith v. Allstate Ins. Co.,* 403 F.3d 401, 407 (6th Cir. 2005) ("Because the merits of the bad faith claim depended on" the underlying claim, "it was reasonable for the court to resolve the [underlying] question before allowing the bad faith claim to proceed.") To establish a prima facie case for Plaintiff's bad faith claim, Plaintiff must have recovered damages that, after apportionment for comparative fault, exceed her available $250,000 in liability limits. *See Glass,* 996 S.W.2d at 450; *Durbin*, 2001 WL 1793734, at *1. If the damages awarded do not exceed this threshold, State Farm will not be liable, and Plaintiff will not be able to pursue her bad faith claims as a matter of law.

For these reasons, the Court finds that under these circumstances, following the general rule and bifurcating trial on the bad faith claims is appropriate.

A district court has the discretion to stay discovery of a bad faith action while a contract action is pending. *Smith v. Allstate Ins. Co.,* 403 F.3d 401, 407 (6th Cir. 2005). Absent a stay, both Plaintiff and State Farm may be required to disclose information which would be inadmissible or unfairly prejudicial in the contract action. Many courts have found that staying discovery pertaining to a bad faith claim pending resolution of the underlying contractual dispute would "both prevent prejudice and further judicial economy." *Nationwide Mut. Fire Ins. Co. v. Jahic*, 3:11-CV-00155, 2013 WL 98059 (W.D. Ky. Jan. 7, 2013) (collecting cases).

For these reasons, the Court finds that under these circumstances, staying discovery of Plaintiff's bad faith claims pending resolution of the UIM contract issue would further the interests of judicial economy, reduce overall litigation costs, and likely avoid prejudice to one or both parties. Plaintiff may move for relief from the stay should circumstances change.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that State Farm's motion to bifurcate the contract and bad faith claims is SUSTAINED.

IT IS FURTHER ORDERED that discovery on the bad faith claim is STAYED until further order of the Court.

cc: Counsel of Record